BEN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
KATHERINE MACELHINEY, Esq., SBN 355532
**Burris Nisenbaum Curry & Lacy, LLP**
Airport Corporate Center
7677 Oakport Street, Suite 1120 Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: 844-273-6873
Email:  Ben.Nisenbaum@bncllaw.com
Email:  James.Cook@johnburrislaw.com
Email:  Katherine@bncllaw.com

*Attorneys for Plaintiffs,*
*DORIAN CABRERA and N.S.J.C.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN CABRERA, an individual; N.S.J.C. (a minor), by and through his Guardian-ad-Litem Nicholas Cabrera;<br><br>                    Plaintiffs,<br>       vs.<br><br>CITY OF COLMA, a municipal corporation; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

**INTRODUCTION**

1.    This is an action for damages brought pursuant to Title 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of California, in connection with the conscience-shocking use of excessive force against Plaintiffs DORIAN CABRERA by police officers for the City of Colma, in San Mateo County, California.

**JURISDICTION**

2.    This action arises under Title 42 of the United States Code, Section 1983. Title 28 of

the United States Code, §§ 1331 and 1343 confer jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of San Mateo, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over PLAINTIFFS' state law causes of action under 28 U.S.C., § 1367. Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims which are so related to the federal claims in that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this District and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

4. Plaintiff DORIAN CABRERA (or, "PLAINTIFFS") is a resident of California and a United States Citizen.

5. Plaintiff N.S.J.C., (or, "PLAINTIFFS") is a minor child of Dorian Cabrera. He is a resident of California and a United States Citizen. He brings this lawsuit by and through his Guardian Ad Litem, Nicholas Cabrera.

6. Defendant CITY OF COLMA ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California. At all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF COLMA Police Department (henceforth, "CPD") and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of CPD police officers and personnel (DOES 1-50), individually and in their official capacity.

7. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Moreover, Plaintiffs allege that each of Defendants DOES 26 through 50 were responsible for the training, supervision, and/or conduct of

the defendant officers and/or agents (DOES 1-25) involved in the conduct herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiffs are required to comply with an administrative tort claim requirement under California Government Code, Section 910. On July 16, 2025, Plaintiffs submitted a claim under the California Tort Claims Act to the appropriate offices for Defendant CITY. On July 25, 2025, Plaintiffs received written notice of rejection from Defendant CITY. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

9. The incident took place beginning on approximately December 27, 2024. Plaintiff DORIAN CABRERA was driving with her twenty-two-year-old son and three-year-old daughter in through the parking lot of a shopping center located in or around Colma, California. DORIAN CABRERA was pulled over by police officers for the Defendant CITY OF COLMA'S Police Department ("DOES 1-25"). DORIAN CABRERA did not commit any crime or traffic violation, however, DORIAN CABRERA complied with the stop, and the officers ran her license and registration.

10. The officers (DOES 1-25) next ordered DORIAN CABRERA out of the vehicle, handcuffed her, and then ordered the children out of the vehicle. DOES 1-25 then searched DORIAN CABRERA'S vehicle. Plaintiffs are informed and believe and thereupon allege that the defendant officers premised DORIAN CABRERA'S arrest on an allegations of retail theft based on the misidentification of DORIAN CABRERA from security camera images previously taken from a nearby Kohl's Department Store. As of the date of the arrest, DORIAN CABRERA had never been served with or given any notice whatsoever of the existence of any charges or to appear in a criminal case, nor was she aware of any warrant for her arrest. The Kohl's surveillance footage clearly did not depict DORIAN CABRERA, who was at the time of her arrest approaching her eighth month of

pregnancy with Plaintiffs N.S.J.C.. The criminal charges against DORIAN CABRERA were subsequently dismissed for lack of evidence.

11. After searching the vehicle and securing DORIAN CABRERA in a CITY police vehicle, the officers (DOES 1-25) allowed DORIAN CABRERA'S son Nicholas Cabrera to leave with his three year old sister in DORIAN CABRERA'S vehicle. CITY police officers DOES 1-25 then transported DORIAN CABRERA to COLMA Police Department, where they picked up two more detainees, shackled DORIAN CABRERA by her arms and legs, and transferred her with the other detainees into a CITY police van.

12. Upon information and belief, the CITY Police Department's transport van had no functional seatbelts and/or was equipped with faulty seatbelts. DORIAN CABRERA was instead shackled by her hands and legs and was not otherwise secured or anchored to anything within the van. As a result, DORIAN CABRERA was not safely and properly secured during transport. Defendant CITY police officers (DOES 1-25) thereby caused PLAINTIFFS to be tossed around inside the back of the CITY police van for approximately twenty minutes as DOES 1-25 drove the prisoners from CITY Police Department station to a jail facility. Due to the bumpy ride in which DORIAN CABRERA was unsecured and from the stress of being falsely accused and arrested, DORIAN CABRERA began to discharge fluid during the transport.

13. Upon arrival at the jail facility, defendant officers DOES 1-25 sent DORIAN CABRERA to be medically cleared for incarceration. During the medical evaluation for booking, DORIAN CABRERA'S blood pressure was dangerously high on top of the fact that she was still discharging clear fluid. The booking nurse for Defendant CITY advocated for PLAINTIFFS to go to a hospital, however, CITY police officers DOES 1-25 brought DORIAN CABRERA to complete the booking process at the jail. DORIAN CABRERA was permitted to leave the jail for a medical emergency only after her bail posted. DORIAN CABRERA was then transported by ambulance to UCSF Hospital for observation.

14. The medical emergency became dangerous for the lives and safety of PLAINTIFFS. DORIAN CABRERA'S blood pressure was still not coming down and she reached high-risk

preeclampsia As a result, the medical team at UCSF Hospital had to emergency-induce labor a month early. The baby was due on January 22, 2025, but PLAINTIFFS delivered four weeks early on December 29, 2024, with complications that put PLAINTIFFS' lives and health at risk.

15. During and after the arrest, DORIAN CABRERA suffered physical and emotional harm, including stress induced medical complications causing her to go into early labor. PLAINTIFFS were hospitalized for several additional days after delivering prematurely. This experience caused great emotional trauma to PLAINTIFFS and their family. Plaintiffs N.S.J.C. is still in the process of being evaluated for early signs of any health and/or developmental issues associated with the premature birth caused by this incident.

16. As a result, Defendants CITY and DOES 1-50 as personnel and officers for the Defendant CITY, caused PLAINTIFFS to suffer physical injuries, fear, humiliation, and ongoing emotional distress.

17. The conduct alleged herein by Defendants CITY and DOES 1-50, and each of them, was perpetrated upon PLAINTIFFS with intent, malice, and without provocation, or in the alternative was done in reckless disregard of Plaintiffs' rights.

## DAMAGES

18. Plaintiffs were physically, mentally, emotionally, and financially damaged as a result of Defendants' conduct.

19. As a direct and proximate result of the acts and omissions of Defendants described herein, Plaintiffs suffered damages, in an amount to be determined according to proof, including but not limited to premature labor, immediate and ongoing severe and extreme emotional distress, fear, anxiety, loss of personal reputation, embarrassment, loss of physical liberty, trauma, humiliation, and the deprivation of her State and Federal Constitutional rights to be free from unreasonable searches and seizures, to be free from unreasonable and unnecessary uses of force, and to be free from bodily restraint and harm, and from personal insult and injury to personal relations, as guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution, the California Constitution, and California Civil Code.

20. Plaintiffs additionally suffered financial damages including but not limited to medical expenses, loss of income, and loss of wages and/or future earnings.

21. Defendants' conduct was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against all non-municipal Defendants, in their individual capacities. Defendants acted maliciously with an intent to harm Plaintiffs unrelated to legitimate law enforcement purposes in brutalizing and arresting DORIAN CABRERA, all without cause, and given all of the options short of using force that were available to them and the lack of threat Plaintiffs posed.

22. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**
**(Violations of the Fourth Amendment of the United States Constitution)**
**(42 U.S.C. § 1983)**
**(Plaintiffs Against Defendants "DOES 1-50")**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 of this Complaint.

24. At all material times, DORIAN CABRERA had firmly established rights under the Fourth Amendment of the United States Constitution to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and excessive, unreasonable and/or arbitrary force being used against her without due process.

25. 42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

26. By the actions and/or omissions described herein, under color of law, Defendants CITY and DOES 1-50 deprived Plaintiffs of the following clearly established and well-settled rights protected by the Fourth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983:

    a. DORIAN CABRERA'S right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

    b. Plaintiffs' right to be free from excessive and unreasonable force in the course of a seizure as secured by the Fourth Amendment.

27. The use of force by Defendants CITY and DOES 1-50 in assaulting Plaintiffs was unreasonable under the prevailing circumstances and thus violated Plaintiffs' rights not to be subjected to unreasonable seizure guaranteed by the Fourth Amendment of the United States Constitution.

28. The use of force by Defendants against Plaintiffs was unnecessary, unreasonable, excessive, and constituted unreasonable search and seizure.

29. Defendants, acting under the color of law, deprived Plaintiffs of the rights described herein, and did so knowingly, maliciously, and with reckless disregard for Plaintiffs' rights and safety. Defendants knew that the arrest and use of force in these circumstances was illegal under clearly established law.

30. The conduct alleged herein caused Plaintiffs to be deprived of their civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiffs to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

31. The conduct alleged herein was willful, wanton, malicious, and done with intentional, deliberate, or reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety, and therefore warrants the imposition of exemplary and punitive damages against them.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violations of the Fourteenth Amendment to the United States Constitution)**
**(42 U.S.C. § 1983)**
**(Plaintiffs Against Defendants "DOES 1-50")**

32. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 of this Complaint.

33. By the actions and/or omissions described herein, under color of law, Defendants DOES 1-50 deprived Plaintiffs of the following clearly established and well-settled rights protected by the Fourteenth Amendment of the United States Constitution:

   a. To not be deprived by the State of any life, liberty, or property, without due process of law;
   b. To be free from unjustified intrusions to the body;
   c. To receive sufficient information to exercise these rights voluntarily; and
   d. To be protected while in custody.

34. The acts and/or omissions of Defendants DOES 1-50, as described above, resulted in the deprivation of these constitutional rights because of their participation in the unnecessary seizure of Plaintiffs through the use of unreasonable force against DORIAN CABRERA, by failing to advise her of her rights or providing any reasons for the arrest, by shackling her, and by refusing to provide medical care, and/or accommodations for her pregnancy while in their custody and/or control.

35. The conduct of Defendants showed a clear and deliberate indifference to the protections set forth in the Fourteenth Amendment of the United States Constitution, to which PLAINTIFFS had a well-settled right.

36. Those conditions put PLAINTIFFS at substantial risk of suffering serious harm. Moreover the conduct of Defendants DOES 1-50 shocks the conscience considering the

circumstances that Ms. CABRERA was pregnant, had not committed a crime or traffic offense in the officer's presence, and did not know that she had an arrest warrant or bench warrant for a criminal case she had never been served notice of by San Mateo County Courts.

37. Defendants did not take reasonable available measures to abate or reduce that risk, even though a reasonable officer and/or detention facility employee in the circumstances would have appreciated the high degree of risk involved—making the consequences of the Defendants' conduct obvious.

38. By not taking such measures, Defendants DOES 1-50 caused Plaintiffs' injuries.

39. As a result, Defendants DOES 1-50 are liable for depriving Plaintiffs of their rights to due process and protection while in State custody.

40. The conduct alleged herein was willful, wanton, malicious, and done with intentional, deliberate, or reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety, and therefore warrants the imposition of exemplary and punitive damages against them.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Negligence)
(Plaintiffs Against All Defendants)

41. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 40 of this Complaint.

42. The present action is brought pursuant to California Government Code, Sections 820 and 815.2. Pursuant to California Government Code Section 820, as public employees, Defendants DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person.

43. At all relevant times, Defendants DOES 1-50 owed PLAINTIFFS a duty as peace officers and correctional facility staff to use due care to protect Plaintiffs from unnecessary bodily harm and protection from unsafe conditions of confinement.

44. Defendants DOES 1-50, breached this duty without due care, injuring PLAINTIFFS. Defendants knowingly followed behind, stopped, and then arrested DORIAN CABRERA when they had had no legitimate legal cause or law enforcement purpose to do so. Defendants knowingly set forth a chain of actions by which all other Defendants conformed their conduct to needlessly and without consent arrest and use force against Plaintiffs. Defendants acted negligently in their use of force against Plaintiffs and in their conduct committed against Plaintiffs.

45. As a result, Plaintiffs were harmed, and Defendants' negligence was a substantial factor in causing that harm. Defendants' conduct caused Plaintiffs to suffer physical injury, emotional distress, pain, suffering, loss of income and/or wages, medical expenses, fear, trauma, and humiliation.

46. At all times mentioned herein, Defendants DOES 1-50 were acting within the course and scope of their employment with Defendants CITY. As such, Defendants CITY and DOES 26-50 are liable under principles of *respondeat superior* for the injuries caused by the acts and omissions of Defendant pursuant to California Government Code § 815.2.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Plaintiffs Against All Defendants)**

47. PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 47 of this Complaint.

48. Defendants' conduct as described herein was outrageous.

49. Defendants intended to cause Plaintiffs physical, mental, and emotional distress.

50. Defendants' conduct constituted reckless disregard of the probability of causing Plaintiffs to suffer emotional distress. Defendant officers DOES 1-50 knew that DORIAN CABRERA did not know that she had a warrant for her arrest. Furthermore, Defendants knew that DORIAN CABRERA was pregnant and had minor children in her vehicle at the time they arrested her and separated her from said minor children.

51. In engaging in the above-described conduct, Defendants DOES 1-50 intentionally caused, or recklessly disregarded the foreseeable risk that PLAINTIFFS would suffer extreme emotional distress as a result of each of their acts and/or omissions. Defendants DOES 1-50 knew or should have known that following a solo female motorist after yelling at DORIAN CABRERA and then unlawfully arresting her by using force without lawful justification would have an extreme and severe detrimental impact on Plaintiffs' physical and mental wellbeing. Defendants DOES 1-50 knew or should have known that failing to provide an 8-month pregnant woman with reasonable accommodations for her condition during arrest and detention would have an extreme and severe detrimental impact on Plaintiffs' mental wellbeing.

52. Defendants' conduct herein described was extreme, unreasonable and outrageous. Defendants' conduct was the actual and proximate cause of the emotional distress suffered by Plaintiffs.

53. Defendants' conduct as described herein was a substantial factor in causing DORIAN CABRERA severe emotional distress, especially because of the potential for harm to her unborn baby (Plaintiffs).

54. Under California Government Code Section 815.2(a), Defendants CITY is vicariously liable to Plaintiffs for injuries suffered as herein alleged which were incurred as a proximate result of the aforementioned conduct of Defendants DOES 1-50.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Assault and/or Battery)**
**(Plaintiffs Against All Defendants)**

55. Plaintiffs hereby realleges and incorporates by reference paragraphs 1 through 55 of this Complaint.

56. Defendants DOES 1-50 acted with intent to cause Plaintiffs to fear imminent harmful or offensive bodily contact.

57. Defendants DOES 1-50 acted with intent to cause harmful or offensive contact by touching Plaintiffs in a harmful or offensive manner. Defendants used force far exceeding the constitutional limits to stop and arrest DORIAN CABRERA without her permission, when she had committed no crime, and while she was visibly pregnant. Battery occurred when Defendants actually made contact with and harmed Plaintiffs. Plaintiffs did not consent to the harmful contact, which ultimately lead to their injuries.

58. Defendants' conduct was a substantial factor in causing Plaintiffs harm. Defendants' conduct was excessive and unreasonable.

59. Under California Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiffs for her injuries and damages suffered as alleged herein, because Plaintiffs was incurred as a proximate result of the aforementioned wrongful conduct of Defendants DOES 1-50 while acting in the scope of their employment as peace officers and/or official policymakers and superior officers for the Defendant CITY.

60. Defendant CITY is liable under principles of *respondeat superior*, since Defendant officers and/or deputies DOES 1-50 were acting in the scope of their employment at the time of the incident.

61. As a result, Defendants CITY, and DOES 1-50 are liable for assault and/or battery.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(False Arrest and/or False Imprisonment)**
**(Cal. Penal Code § 236)**
**(DORIAN CABRERA against All Defendants)**

62. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 62 of this Complaint.

63. Defendants DOES 1-50 intentionally and unlawfully restrained, detained, and confined DORIAN CABRERA. They did so without probable cause or reasonable suspicion that Ms. Cabrera had committed a crime or violation, and kept her in unsafe conditions despite her need for reasonable accommodations as a pregnant person.

64. Defendants' conduct made DORIAN CABRERA stay at the scene, then in a CITY police van, then at the CITY detention facility, and kept her there by physically and forcibly restricting her freedom of movement.

65. A reasonable person in DORIAN CABRERA'S situation would have understood that she was not free to leave.

66. Defendants' conduct caused DORIAN CABRERA to suffer physical injury, emotional distress, pain and suffering, medical expenses, fear, trauma, and humiliation, and further damages according to further proof at the time of trial.

67. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety.

68. Under California Government Code Section 815.2(a), Defendant CITY is vicariously liable for Plaintiffs' injuries and damages suffered as alleged herein, incurred as a proximate cause of the aforementioned wrongful conduct by Defendants DOES 1-50. Defendant CITY is liable under Section 815 and principles of *respondeat superior*, since Defendant DOES 1-50 were acting in the scope of their employment at the time of the incident.

69. As a result, Defendants CITY, and DOES 1-50 are liable for false arrest and/or false imprisonment.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### JURY DEMAND

PLAINTIFFS hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, PLAINTIFFS prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants DOES, and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**Burris Nisenbaum Curry & Lacy, LLP**

Dated:  October 14, 2025

/s/ *Katherine MacElhiney, Esq.*
Katherine MacElhiney Esq.,
James Cook, Esq..
Ben Nisenbaum Esq.,

*Attorneys for Plaintiffs*