United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

DORIAN CABRERA, et al.,

Plaintiffs,

v.

CITY OF COLMA, et al.,

Defendants.

Case No. 25-cv-08784-LB

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 36

## INTRODUCTION

The plaintiff was arrested by Daly City officers for suspected retail theft (charges were later dropped) based on identifications by Kohl's Department Stores, Inc., employees (loss-prevention employees Gomez and Quintana) who matched a nearly ten-year-old mugshot of the plaintiff with present surveillance video and informed City of Colma officers of the identification. The plaintiff was eight months pregnant during the arrest and, while being transported for booking, was "painfully tossed about" the van (because she was shackled and there were no seatbelts) and began leaking clear fluid. The plaintiff was released on bail, but the stress of the events caused her severe preeclampsia, requiring an emergency induction of labor and causing her to give birth prematurely.

The plaintiff is suing Kohl's, Gomez, Quintana, the City of Colma, and officers Trask and Melendrez for claims of negligence, false arrest or imprisonment, intentional infliction of emotional distress (IIED), assault and battery, and malicious prosecution. She asserts § 1983

claims for violations of her Fourth and Fourteenth Amendment rights by Daly City, the City of Colma, and officers Trask and Melendrez.

Kohl's moves to dismiss the claims against it and its employees (including claims for punitive damages), contending that their communications identifying the plaintiff as a suspect were privileged under Cal. Civ. Code § 47(b) and that the plaintiff has not otherwise plausibly pleaded her state-law claims. The plaintiff counters that the communications are not privileged and fall under the exception in subsection (b)(5) because they were false reports.

The court grants the motion. On this pleading, Gomez's and Quintana's communications to police are privileged under § 47(b), and the plaintiff has not plausibly pleaded her claims for false arrest, IIED, assault and battery, malicious prosecution, or punitive damages.

## STATEMENT

In February and March of 2023, Gomez (one of Kohl's loss-prevention employees) authored multiple reports for Kohl's in which he identified the plaintiff as a retail-theft suspect after comparing the store's surveillance footage with a mugshot of the plaintiff from 2015.[1] In May and June of 2024, Quintana (also a loss-prevention employee) created additional loss-prevention reports for thefts in the same store but could not independently identify a masked suspect in the surveillance video.[2] Quintana collaborated with Gomez to link the May and June incidents to the plaintiff, basing their identification on the same 2015 mugshot, and separately identified the plaintiff after conducting a photo lineup based on the plaintiff's mugshot.[3]

City of Colma police officers "worked in concert with" Gomez and Quintana by exchanging text messages about the 2023 and 2024 retail thefts and adopted their "narrative wholesale"

---

[1] Third Am. Compl. (TAC) – ECF No. 52 at 4–5 (¶ 16). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 5 (¶ 17).

[3] *Id.* (¶¶ 17–18).

without independently verifying its accuracy.[4] In late 2024, the San Mateo County District Attorney filed felony charges against the plaintiff related to the investigation.[5]

On December 27, 2024, the plaintiff was eight months pregnant and driving her two children in a vehicle when Daly City police officers conducted a traffic stop and arrested her.[6] The plaintiff alleges that the police officers did not ensure that they had probable cause before the arrest.[7]

Daly City police officers shackled the plaintiff's hands and legs and transported her to the booking facility in a police van that was not equipped with functioning seatbelts and without securing her within the van, causing her to be tossed about while shackled.[8] During transportation, the plaintiff began leaking clear fluid, and jail medical staff documented dangerously elevated blood pressure. The plaintiff was booked and permitted to leave the jail after posting bail.[9] The stress of these events caused the plaintiff severe preeclampsia, requiring an emergency induction of labor. The plaintiff's son was born prematurely by four weeks on December 29, 2024.[10]

The San Mateo County Superior Court later dismissed all criminal charges against the plaintiff.[11] The plaintiff asserts that the defendants "acted maliciously with an intent to harm Plaintiff unrelated to legitimate law enforcement purposes in brutalizing and arresting Plaintiff, all without cause, and given all of the options short of using force that were available to them and the lack of threat Plaintiff posed."[12]

The parties consented to magistrate-judge jurisdiction.[13] 28 U.S.C. § 636(c)(1). The court held a hearing on July 30, 2026.

---

[4] *Id.* (¶ 19).
[5] *Id.* at 6 (¶ 20).
[6] *Id.* (¶ 21).
[7] *Id.* (¶ 22).
[8] *Id.* (¶ 23).
[9] *Id.* (¶ 24).
[10] *Id.* at 7 (¶ 25).
[11] *Id.* (¶ 26).
[12] *Id.* at 8 (¶ 32).
[13] Consents – ECF Nos. 10, 12, 40, 56–57.

## LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts as true the complaint's factual allegations and construes them in the light most favorable to the plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## ANALYSIS

The issues are whether Gomez's and Quintana's identifying the plaintiff to police based on a nearly ten-year-old mugshot and no other evidence qualifies as privileged communications under Cal. Civ. Code § 47(b) and, if not, whether the plaintiff's claims are otherwise plausibly pleaded. On this record, Gomez and Quintana's communications to police are privileged under § 47(b), defeating all the plaintiff's state claims besides malicious prosecution, and the plaintiff has not plausibly pleaded her claims for false arrest, IIED, assault and battery, malicious prosecution, or punitive damages.[14]

### 1. Cal. Civ. Code § 47(b)

Kohl's contends that all claims but the plaintiff's malicious-prosecution claim are barred under Cal. Civ. Code § 47(b) because they are based on privileged communications made "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law."[15] *See Hagberg v. Cal. Fed. Bank*, 32 Cal. 4th 350, 355 (2004) ("[S]uch statements are privileged pursuant to

---

[14] Whether the plaintiff plausibly pleaded her negligence claims is a closer question that is better addressed after amendment.

[15] Mot. – ECF No. 36 at 16.

[section 47(b)] and can be the basis for tort liability only if the plaintiff can establish the elements of the tort of malicious prosecution."). The plaintiff does not dispute that Gomez's and Quintana's communications with police fall within § 47(b) but argues that (1) the defendants' basing their identification of her by a nearly ten-year-old photo without additional investigation meets the exception under § 47(b)(5) (applying where a person makes a report "knowing that the report is false, or with reckless disregard for the truth or falsity of the report") and (2) the defendants' actions constituted harassment based on the plaintiff's race, conduct that the California legislature sought to prevent by amending the statute to include subsection (b)(5).[16] Kohl's replies that subsection (b)(5) does not apply because the complaint shows, at most, negligent conduct by Gomez and Quintana.[17] On this record, subsection (b)(5) does not apply.

Section 47(b)(5) states,

> This subdivision does not make privileged any communication between a person and a law enforcement agency in which the person makes a false report that another person has committed, or is in the act of committing, a criminal act or is engaged in an activity requiring law enforcement intervention, knowing that the report is false, or with reckless disregard for the truth or falsity of the report.

In the defamation context, "[t]he reckless disregard standard requires a high degree of awareness of probable falsity. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *OneTaste Inc. v. Netflix, Inc.*, 116 Cal. App. 5th 174, 189 (2025) (cleaned up); *see Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989) (same). The test is subjective. *OneTaste*, 116 Cal. App. 5th at 189.

Here, to show knowledge or reckless disregard, the complaint relies solely on the fact that Gomez and Quintana identified the plaintiff as the suspected thief from an old photo without any additional investigatory steps.[18] Alone, these allegations do no show that Gomez or Quintana were

---

[16] Opp'n – ECF No. 41 at 3–4.

[17] Reply – ECF No. 44 at 6–8.

[18] The plaintiff argues that Kohl's argument that her claims are "barred as a matter of law under Civil Code § 47 and *Hagberg*, is superseded by the amended Civil Code['s] [adding the subsection (b)(5) exception]." Opp'n – ECF No. 41 at 4. The court does not read this as asserting that *Hagberg v. California Federal Bank* has been entirely superseded by statute. 32 Cal. 4th 350 (2004); Reply – ECF

aware that the plaintiff was in fact not the suspect or that they had any doubts. That the California legislature sought to prevent harassment based on immutable characteristics does not change the result. Thus, Gomez and Quintana's communications to police are privileged under § 47(b), and the plaintiff's claims for negligence, false arrest, IIED, and assault and battery are dismissed.

**2. State-Law Claims**

Even without absolute privilege under § 47(b), the plaintiff has not plausibly pleaded her claims for false arrest, IIED, assault and battery, or malicious prosecution.

First, Kohl's contends that the plaintiff has not plausibly pleaded a claim for false arrest or imprisonment because (1) the complaint does not allege that Gomez or Quintana touched or detained the plaintiff and (2) even mistaken information when given to authorities in good faith does not render a private citizen liable for a subsequent arrest based on that information.[19] *Tekle v. United States*, 511 F.3d 839, 854 (9th Cir. 2007) (false imprisonment requires "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief" (citing *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000))). The plaintiff asserts that Gomez and Quintana are liable for her false arrest because they authorized, encouraged, directed, or assisted officers in procuring the arrest.[20] *See Du Lac v. Perma Trans Products, Inc.*, 103 Cal. App. 3d 937, 941 (1980) (a private actor incurs liability only if it "authorizes, encourages, directs or assists an officer to do an unlawful act, or procures an unlawful arrest, without process, or participates in the unlawful arrest or imprisonment").

The complaint pleads that Gomez and Quintana (1) matched the plaintiff to their suspect through a photo that was "nearly ten years old," (2) conducted a photo lineup in which the two again identified the plaintiff using the same photo, and (3) "worked in concert with" police by

No. 44 at 6–8. To the extent that is not the case, the plaintiff can clarify her argument after amendment if necessary.

[19] Mot. – ECF No. 36 at 20–21.

[20] Opp'n – ECF No. 41 at 5.

exchanging text messages about the 2023 and 2024 retail thefts.[21] Even viewing these facts in the light most favorable to the plaintiff, the acts of identifying the plaintiff and exchanging text messages with police do not plausibly plead that Gomez or Quintana authorized, encouraged, directed, or assisted in procuring the plaintiff's arrest.

Second, the plaintiff has conceded her IIED claim by not disputing Kohl's argument that the TAC failed to plead intent by Gomez or Quintana. *See Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 215 (2011) (an IIED claim requires "extreme and outrageous conduct by the defendant with the intention of causing" distress).

Third, for her assault and battery claims, the plaintiff does not dispute that Gomez and Quintana did not touch her or cause her to anticipate a harmful or offensive contact. *Foley v. Bates*, No. C07-0402 PJH, 2007 WL 1430096, at *6 (N.D. Cal. May 14, 2007) (requirements for assault); *So v. Shin*, 212 Cal. App. 4th 652, 669 (2013) (requirements for battery). She instead argues that they may be liable under the integral-participant rule which "extends liability to those actors who were integral participants in the constitutional violation, even if they did not directly engage in the unconstitutional conduct themselves."[22] *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009). Kohl's responds that (1) the integral-participant rule applies only in the § 1983 context and not for state-law assault and battery claims and, (2) even if it did, the plaintiff has not plausibly pleaded its requirements.[23]

The court does not extend the integral-participant rule from the § 1983 context to state-law claims without any argument from the plaintiff explaining why it should do so. Even if the rule applied, it requires that a plaintiff show that the defendant either (1) "knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation" or (2) "set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury." *Peck v.*

---

[21] TAC – ECF No. 52 at 4–6 (¶¶ 16–22).

[22] Opp'n – ECF No. 41 at 6–7.

[23] Reply – ECF No. 44 at 11–12.

United States District Court
Northern District of California

*Montoya*, 51 F.4th 877, 891 (9th Cir. 2022). The plaintiff has not pleaded facts suggesting that Gomez or Quintana knew about or acquiesced in constitutionally defective conduct or that they reasonably should have known that police would inflict a constitutional injury.

Finally, for her malicious-prosecution claim, the parties dispute whether the plaintiff has established that Gomez and Quintana (1) initiated or directed the prosecution of the plaintiff or (2) acted with malice. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (citing *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989)). Kohl's contends that this claim fails because (1) merely reporting suspected criminal activity does not support a plausible claim for malicious prosecution and (2) the plaintiff did not plead facts showing malice.[24] The plaintiff responds that "Defendants absolutely procured the legal criminal process against [the plaintiff] without probable cause," which was the "fruits of the Kohl's Defendants' conduct," and malice was implicit in Gomez and Quintana's disregard for the truth.[25]

Where the complaint lacks sufficient facts to show that the defendants acted with reckless disregard for the truth of their reporting to police, the complaint similarly fails to plausibly plead malice. *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 494 (1998) (to show malice "[t]he plaintiff must plead and prove actual ill will *or* some *improper* ulterior motive"). The plaintiff points to no case finding malice under similar circumstances.[26] *Cf. Centers v. Dollar Markets*, 99 Cal. App. 2d 534, 544 (1950) (malice sufficiently supported where a cashier asked the plaintiff's son "why his mother did not come and do some more shoplifting" before she was arrested for theft). Thus, the plaintiff has not plausibly pleaded malicious prosecution.

Because a claim for punitive damages also requires pleading malice, the plaintiff's claim for punitive damages is also dismissed. *See* Cal. Civ. Code § 3294 (allowing exemplary damages with a showing of oppression, fraud, or malice).

---

[24] Mot. – ECF No. 36 at 26–27.

[25] Opp'n – ECF No. 41 at 7.

[26] The plaintiff did not meaningfully challenge Kohl's assertion that merely reporting suspected criminal conduct to law enforcement does not establish the first requirement for a malicious-prosecution claim. *See* Mot. – ECF No. 36 at 26; Opp'n – ECF No. 41 at 7. The issue is better addressed on fuller briefing on a subsequent motion.

United States District Court
Northern District of California

## CONCLUSION

The plaintiff's claims against Kohl's, Gomez, and Quintana (claims three through seven and the claim for punitive damages) are dismissed. Any amended complaint must be filed by August 27, 2026, with an attached black-line compare (in color) of the new complaint to the TAC.

**IT IS SO ORDERED.**

Dated: July 30, 2026

LAUREL BEELER
United States Magistrate Judge